# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3477

_____

Ted Hamilton

*Plaintiff - Appellant*

v.

James Singleton

*Defendant - Appellee*

Joan McClean; Johnny Godbolt; Stephen Glover

*Defendant*s

_____

Appeal from United States District Court
for the Western District of Arkansas - Texarkana

_____

Submitted: April 13, 2017
Filed: April 18, 2017
[Unpublished]

_____

Before SHEPHERD, MURPHY, and KELLY, Circuit Judges.

_____

PER CURIAM.

In this 42 U.S.C. § 1983 action, Ted Hamilton--a former pretrial detainee at the Hempstead County Detention Center (HCDC)--claimed, inter alia, that Hempstead County Sheriff James Singleton was deliberately indifferent to his serious medical needs by releasing him from HCDC with a leg monitor one day prior to a scheduled surgery (release claim), and that Singleton was deliberately indifferent to his serious medical needs by refusing to pay for his surgery after his release (refusal-to-pay claim). The district court[1] adversely decided the refusal-to-pay claim in a decision addressing cross-motions for summary judgment, and the release claim was adversely decided by a jury. On appeal, Hamilton raises both of these claims, but his arguments address only the adverse summary judgment decision.

After careful review of the record and the parties' arguments on appeal, we first decline to review the disposition of the release claim. See Eaddy v. Yancey, 317 F.3d 914 (8th Cir. 2003) (declining to review denial of motion for partial summary after full trial on merits). With regard to the refusal-to-pay claim, we conclude that Sheriff Singleton was entitled to qualified immunity as a matter of law, because the claim was not based upon a constitutional right that was clearly established at the time of the alleged misconduct. See Beaulieu v. Ludeman, 690 F.3d 1017, 1024 (8th Cir. 2012) (grant of summary judgment is reviewed de novo); Sisney v. Reisch, 674 F.3d 839, 844 (8th Cir. 2012) (two-prong qualified immunity inquiry examines (1) if alleged facts make out violation of constitutional right, and (2) if constitutional right violated was clearly established at time of defendant's alleged misconduct); see also Spirtas Co. v. Nautilus Ins. Co., 715 F.3d 667, 670-71 (8th Cir. 2013) (this court can affirm on any basis supported by record). The judgment is affirmed.

_____

[1] The Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).